UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| EDDIE CRIPPEN, | ) | |
|---|---|---|
| # 381315, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-cv-01181 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Eddie Crippen, an inmate of the West Tennessee State Peniteniary in Henning, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Tennessee Department of Correction, Derrick Schofield, Warden David Sexton, Sgt. f/n/u Hill, Keith Wattters, and John Doe "Sgt. Coordinator," alleging violations of the Plaintiff's civil and constitutional rights. (Docket No. 1). The Plaintiff seeks injunctive relief and compensatory and punitive damages, as well as release from custody. (*Id.* at 19-22).

The Plaintiff's complaint as amended is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983

creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that the Defendants violated the Plaintiff's right to due process when he was charged with and convicted of the disciplinary infractions of "participating in a gang activity" and "creating a disturbance" while incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee in 2014.

A disciplinary board composed of Defendant chairperson Sgt. Hill and Defendant board member Keith Watters found the Plaintiff guilty of the infractions. The complaint alleges that, as a result of his conviction, the Plaintiff "was wrongfully isolated in a hostile environment . . . ." for 30 to 60 days.[1]  (Docket No. 1 at 15, 20).

On administrative appeal, the decision was affirmed by both Defendant Warden Charles and Defendant Tennessee Department of Corrections Commissioner Schofield.

After the denial of his administrative appeals, the Plaintiff filed a lawsuit in the Chancery Court of Davidson County, 20th Judicial District, Part III, seeking review of his conviction of the disciplinary infractions. The Plaintiff filed a petition for common law writ of certiorari asserting that the Defendants failed to provide him the process outlined in their Uniform Disciplinary Procedures. The petition also alleged that the prison security camera data stream shows that the Plaintiff was not

---

[1] The complaint is unclear as to whether the Plaintiff was placed in segregation for 30 or 60 days. (Docket No. 1 at 20).

3

involved in the incident and is innocent of the infractions.

By written Order and Memorandum entered on June 21, 2017, the Chancery Court denied the Plaintiff relief, finding that the record established that the procedural errors asserted by the Plaintiff were without merit.

The Plaintiff subsequently filed this action. The Plaintiff believes that the Chancery Court's decision was arbitrary and void. (*Id.* at 6). The complaint asks that the Plaintiff be kept away from the "East TN-Region" prisons for fear of retaliation for filing this lawsuit. (*Id.* at 22). The complaint also seeks the early release of Plaintiff from custody "due [t] the] careless acts against him by defendants." (*Id.*)

**IV.     Analysis**

First, to the extent that the complaint seeks the Plaintiff's release from custody, such a request challenges the legality of the Plaintiff's confinement and therefore is not appropriately pursued by way of a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid

4

by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Therefore, the Plaintiff's claims concerning the validity of his continued confinement at the West Tennessee State Penitentiary would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. Any such claims will be dismissed <u>without prejudice</u>, should the Plaintiff wish to pursue them via the appropriate legal route.

The primary contention of the complaint, however, is that the Plaintiff's due process rights were violated by his disciplinary conviction because the Defendants did not follow Tennessee Department of Correction procedures. "[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)(citing *Morrissey v. Brewer*, 408 U.S. at 411, 480, 92 S. Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). Inmates enjoy a narrow set of due process rights when prison authorities institute disciplinary proceedings. *See Cleavinger v. Saxner*, 474 U.S. 193, 106 S. Ct. 496, 88 L.Ed.2d 507 (1985) (disciplinary board members protected by qualified immunity); *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S. Ct. 2768, 2773–75, 86 L.Ed.2d 356 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); *Ponte v. Real*, 471 U.S. 491, 495–99, 105 S. Ct. 2192, 2195–97, 85 L.Ed.2d 553 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); *Baxter v. Palmigiano*, 425 U.S. 308, 319–323, 96 S. Ct. 1551,

1558–60, 47 L.Ed.2d 810 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); *Wolff*, 418 U.S. 539, 564–71, 94 S. Ct. 2963, 2978–82 (defining scope of due process application to prison disciplinary hearings); *Wolfel v. Morris*, 972 F.2d 712 (6th Cir.1992); *Hensley v. Wilson*, 850 F.2d 269 (6th Cir.1988); *Hudson v. Edmonson*, 848 F.2d 682 (6th Cir.1988); *Turney v. Scroggy*, 831 F.2d 135 (6th Cir.1987).

Generally, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Thus, there is no federal constitutional right to be held in a prison system's general population, or in a particular part of a prison. *See Hewitt v. Helms*, 459 U.S. 460, 468–69, 103 S. Ct. 864, 870, 74 L.Ed.2d 675 (1983); *Wolff*, 418 U.S. at 556–57, 94 S. Ct. at 2975. Nevertheless, "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." *Hewitt*, 459 U.S. at 472, 103 S. Ct. at 871.

Tennessee prison regulations have been interpreted to create a liberty interest in inmates not being confined to punitive or administrative segregation without due process protections. *Franklin v. Aycock*, 795 F.2d 1253, 1260 (6th Cir.1986) (disciplinary segregation); *Bills v. Henderson*, 631 F.2d 1287, 1294 (6th Cir.1980). Due process therefore requires that a Tennessee prison inmate confined to punitive segregation or deprived of sentence credits be provided a disciplinary hearing in compliance with *Wolff* and *Hill*. Although it is unclear, the complaint seems to allege that the Plaintiff was placed in some type of segregation for 30 or 60 days after he was found guilty of

6

disciplinary infractions by the board. The Plaintiff claims that he was found guilty "due to his affiliation/being confirmed S.T.G. Gangster Disciple." (Docket No. 1, Attach. 1 at 10). He further claims that the prison security camera data stream will show that he was not involved in the incident and therefore is innocent of the infractions. (*Id.*)

Regarding the Plaintiff's contention that his hearing was conducted less than 24 hours after the disciplinary charges were issued, the TOMIS disciplinary report shows that the Plaintiff was presented with charging documents at 16:27 on July 21, 2014, for the offense of creating a disturbance; the TOMIS disciplinary report for the offense of a security threat group activity is dated July 21, 2017, at 11:32; and the hearing on the charges was conducted on July 23, 2017. (Docket No. 1, Attach. 1 at 28). The Plaintiff has presented no evidence other than his own assertions to contradict these reports. Therefore, the record before the Court belies the Plaintiff's assertion that he was not provided with sufficient notice prior to his hearing.

Regarding the Plaintiff's claim that he was denied the right to present a defense, the record shows that the Plaintiff had the right to seek a continuance but did not do so; he did not seek to present any evidence of his own and the disciplinary report hearing summary does not reflect that he gave a statement at his hearing other than to plead not guilty; and the Plaintiff did not submit a CR-3511 form requesting that a witness appear on his behalf. (*Id.* at 28-29). Again, the record does not support the Plaintiff's assertions.

Insofar as the Plaintiff contends that he should not have been charged with or convicted of the disciplinary infractions or that the evidence fully supported his version of events, he has no Constitutional claim. The Plaintiff's contention amounts to a claim that the board's decision was not supported by the evidence. A federal court's review of the evidence supporting a prison disciplinary

7

board's decision is limited to determining whether *some* evidence supports the decision. *Superintendent v. Hill*, 472 U.S. at 455, 105 S. Ct. at 2773. The court is not permitted to re-weigh the evidence presented to the board. *Id.* at 455, 105 S. Ct. at 2773. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, *id.* at 456, 105 S. Ct. at 2774, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." *Id*. at 457, 105 S. Ct. at 2775.

Unlike *Hill*, in which there was no direct evidence of the inmate's involvement in an assault, the record in this case supports the board's finding that the Plaintiff created a disturbance. Keith Watters filed an affidavit with the Chancery Court stating that he was assigned to investigate the incident that occurred at the Morgan County Correctional Complex in the cafeteria on July 9, 2017. He stated that through the course of his investigation he personally identified the Plaintiff in the cafeteria on the video surveillance on July 9, 2017, and that he observed the Plaintiff getting up from the dining room table and going with the crowd of inmates that assaulted the officers in the cafeteria. Watters identifies the frame and the area of the frame in which the Plaintiff's movements can be observed. Watters explains that the justification for charging the Plaintiff was that he was sitting at the table at the time of the incident and that he moved toward the assault and only stopped when responding staff entered the area with a mace canister as seen in the video. Although the Plaintiff espouses a different interpretation of the surveillance video (Doc. No. 1, Attach. 1 at 13), the video–along with Watters' testimony–supported the charge of participating in gang activity as well as creating a disturbance. As the Sixth Circuit has recognized, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrations that have some basis in fact." *Hensley v. Wilson*, 850 F.2d 269, 278 (6th Cir.

1988)(citing *Wolff*, 418 U.S. at 556).

Finally, to the extent that the Plaintiff asserts that any Defendant violated his rights by failing to investigate his assertions, the Plaintiff has not stated a cognizable claim. Absent evidence that a prison official "directly participated in, encouraged, authorized[,] or acquiesced" in the unconstitutional acts, a prison official who denies an administrative grievance or fails to intervene on the inmate's behalf cannot be liable under § 1983 as a matter of law. *Shehee v. Luttrell*, 199 F.3d 295, 200 (6th Cir. 1999).

## V. Conclusion

Having screened the complaint under the PLRA, the Court finds that the complaint fails to state a § 1983 claim upon which relief can be granted. Consequently, all claims must be dismissed.

An appropriate order will be entered.

                                            Aleta A. Trauger
                                            United States District Judge